## LANDRÓN ET AL. *v.* NAVEDO.

### APPEAL from the District Court of San Juan.

No. 102.—Decided April 12, 1907.

WILL BY TRUSTEE—TIME WITHIN WHICH SAME MUST BE EXECUTED.—The time within which Law 33 of Toro provides that a will must be executed by a trustee must be computed from the date of the death of the grantor or testator, because until his death occurs the trustee acquires no right whatever under the power of attorney to execute a will.

ID.—VALIDITY OF POWER OF ATTORNEY AS A WILL.—Where a power of attorney to execute a will can not be affective as such, it may, nevertheless, be effective as a will in so far as it constitutes an expression of the will of the testator, as occurs in the case at bar, where the testator in the power of attorney constitutes his wife his universal heir in the absence of ascendants. This is perfectly valid even though the power of attorney were absolutely null as such.

ID.—POWERS OF ATTORNEY EXECUTED UNDER THE OLD LAWS.—Powers of attorney to execute wills granted under the old laws have force and validity by virtue of Rule 2 of the transitory provisions of the Civil Code.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

*Mr. Alvarez Nava* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of San Juan. The facts sufficiently appear in the decision of the court below, which is as follows:

"This suit was called to be heard in the court, in its regular order, as set upon the docket. Counsel for the parties appeared before the court, offering documentary evidence, which was admitted, and arguing the case.

"In the opinion of this court, which served as a basis for its decision in regard to the exception taken to the complaint, because it did not allege sufficient facts to determine a cause of action, it was stated that the exception had not been properly taken, because no allegation whatever had been made in the complaint, with regard to the point, that so long a term, as up to the year 1894, had been granted to the defendant, for making the testament, in her capacity as trustee, for which purpose, a power of attorney had been granted to her, by her

husband, in 1866. But now we come to the trial; there is the defendant's reply, and the evidence is before the court for examination.

"From the·allegations and evidence, it appears that in 1866 Manuel Nater Marrero and his wife, the defendant, Ines Navedo y Dávila, executed before a notary public a power of attorney, by which they mutually granted authority to the one who survived the other to make or perfect, within or beyond the legal term, a testament in the name of the other, and make such legacies as he might deem proper; that the survivor should appoint himself or herself testamentary executor or executrix, with power to perform the duties of auditor-divider, and to choose a confidential person as·his or her representative. They instituted their respective mothers as their only and general heirs, and in default of same, and in the second place, they instituted themselves (mutually) as the only and general heirs.

"By virtue of the aforesaid power of attorney, and after Manuel Nater Marrero had ·died on the 16th of April, 1894, the defendant, in the month of May of the same year, made a testament in the former's name, in which she instituted herself as heiress, and appointed herself executrix and auditor-divider, and made several legacies; and now a request has been made to the effect that the court declare the nullity of all this, and that testamentary proceedings be instituted with regard to the inheritance, in favor of the brothers and nephews of Manuel Nater, for the reason that his mother had died before him, and that he had no descendants nor ascendants.

"The Laws of Toro (*leyes de Toro*), which were in force at the time when the power of attorney was granted, had fixed the terms of 4, 6, and 12 months within which the trustee was to make the testament of his constituent; and the court is of the opinion that said term must be counted from the date on which the power of attorney was granted; but as the aforesaid terms, according to a decision rendered by the Supreme Court, on the 19th of September, 1863, were established only and exclusively for 'the benefit of the constituents, it is evident that the latter can waive the same, and allow their trustees all the time they may deem convenient. And from the power of attorney for making a testament, granted by Manuel Nater, it appears that the latter not only desired that the testament should be made after his death, whereby he impliedly waived the terms fixed by law, but he expressly allowed his wife all the time she might deem convenient, inasmuch as he told her, to make the testament within or beyond the lawful term.

"Therefore, the fact that the testament was made over a year after the power of attorney had been granted does not make it null and ineffectual, since Ines Navedo had authority therefor.

"On the other hand, and even in the incorrect supposition that the testament were null and void, it would always be necessary, to consider as testament, the will expressed by Manuel Nater, in regard to the institution of his wife as only heiress, in case there should be no ascendants.

"And it does not matter that the death of Mr. Nater occurred, and that the testament was made by virtue of the said power of attorney in 1894, when the Civil Code was already in force, which abolished this manner of making testaments, since the second temporary provision recognized the validity of those joint testaments, powers of attorney to make testaments and codicils, which had been executed or written before the Code went into effect; with the only condition that the annulment or modification of said instruments, or of any of their clauses, could not take place without making a testament in accordance with the Code. Consequently, since the power of attorney of Manuel Nater had been executed before the Code was in force, and since said instrument had not been modified, it had legal validity, and Ines Navedo could, therefore, authorize the testament, as a consequence of the recognition of the validity of the power of attorney.

"For the reasons stated, the court decides that the facts and the law are in favor of the defendant, who is entitled to a judgment, rejecting all the claims of the plaintiffs, and imposing the costs upon the latter; for the collection of which costs an order of execution shall be issued to the marshal; and the secretary shall enter in his books a judgment in accordance with this decision.

"Pronounced in open court, on the 30th of November, 1906.— Pedro de Aldrey, judge section 1.

"Entered this 1st day of December, 1906. I certify.—José E. Figueras, secretary."

The thirty-third law of Toro referred to is as follows:

"The trustee for the purpose of making a testament or legacy, or for the purpose of declaring by virtue of the power which he has that which should be done with the property of the testator shall not have a longer time than four months if he is at the time when the power is given him in the city or villa, or place where the power is given

him, and if at said time he is away but within these our realms, his power shall not last more than six months, and if he should be outside of said realms at said time he shall have a period of one year and no more, and if such periods have passed he can do no more than if the power had not been given him, and the said properties should go to those to whom they would be due, the testator dying intestate, which said time we command shall run against such trustee although he shall say or allege that it never came to his notice that such power had been given him. But that which the testator commanded in a fixed and determined manner, naming the person of the heir, or naming a certain thing which said trustee had to do, we command that in such case the trustee shall be obliged to do it, and if the terms should pass by and he shall not have done it, that it should be deemed as if such trustee had so done or declared.''

As may be seen the court below was of the opinion that the time which the trustee had to make a will by virtue of the Laws of Toro was to be reckoned from the time of the authorization of the power of attorney. We do not share that opinion. It seems evident that no right arises in the trustee to execute the power until his grantor (*otorgante*), shall have died. To this effect would seem to be the opinions of several commentators on the Laws of Toro; namely Don Pedro Nolasco de Llano, Sr. González y Serrano, Don Benito Gutiérrez Fernández, and possibly others. And the fact that the Supreme Court of Spain has considered a number of cases of similar powers in which the will was made after the death of the grantor without questioning the validity of wills so made, is entitled to great weight. The very language of the Law of Toro, in speaking of what must be done with the property of the testator (*lo que se ha de hacer con los bienes del testador*), would indicate that the legislator was thinking of a period after the death of the grantor; in other words, what disposition the trustee would then make of the properties, he being the only one who had any power over them. Testator generally implies a man who is dead. Similarly the limitations of time of 4, 6 and 12 months accordingly as the trustee is within the city, within the realm or without the realm,

would show that the law had in mind an uncertain event like
death, rather than the definite one made by the execution of
a power of attorney.    Furthermore, Law No. 38 of Toro,
provides:

"In the case that the testator should leave two or more trustees,
if one or more of them called upon should not wish, or should not be
able to use the said power, or should die, the power will remain intact
to the other, or others who may wish or may be able to use the same."

The word *"dejare"* in the original implies that the tes-
tator leaves trustees, and he can only "leave" them after his
death.    It is difficult to understand how a general reading of
the law could support any other conclusion than that the
period should run from the death of the testator.    This being
the opinion of the court, it becomes unnecessary to consider
whether the testator could extend the time in which the trus-
tee might act.

We agree with the court below that in the event that the
power was useless as a power, it would nevertheless prevail
as a will, inasmuch as it named the wife as the universal heir
should there be no ascendant.    We likewise agree with the
court below that the second transitory provision of the Civil
Code retains in force the power executed under the old legis-
lation.

For these reasons the decision appealed from must be
affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figue-
ras  and MacLeary concurred.